7pgs.TOT.

FILED
SEP - 5 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §1983

Name: **CRAIG**  **NORMAN**  **J**
        (Last)          (First)          (Middle Initial)

Prisoner Number: **109994**

Institutional Address: **1051 AL TAHOE BLVD.**
**SOUTH LAKE TAHOE, CA 96150**

---

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**NORMAN JOHN CRAIG**
(Enter your full name.)

vs.

**TERRY CISSNA,**
**JOHN D'AGOSTINO,**
**COUNTY OF EL DORADO, ET AL**
(Enter the full name(s) of the defendant(s) in this action.)

Case No. **CV 18 5450**
(Provided by the clerk upon filing)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983

(PR)
LB

## I. Exhaustion of Administrative Remedies.

<u>Note</u>: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement **EL DORADO COUNTY JAIL, S.L.T.**

B. Is there a grievance procedure in this institution?   YES ☑   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☐   NO ☑

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: **INCIDENT OCCURED DURING COURSE OF ARREST, AND SUBSEQUENT IMPRISONMENT.**

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: _____

_____

_____

3. Second formal level: _____

_____

_____

4. Third formal level: _____

_____

_____

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES ☐   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why. INJURY OCCURED IN PROCESS OF ARREST, INCLUDING VIOLATION OF CIVIL RIGHTS BY ARRESTING OFFICERS.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
NORMAN JOHN CRAIG %ELDORADO County JAIL, S.L.T.
1051 AL TAHOE BLVD., I-14
South Lake Tahoe, Calif. 96150

B. For each defendant, provide full name, official position and place of employment.
TERRY CISSNA, Deputy Sheriff, El Dorado County, CA
DEPUTY "DOE" Deputy Sheriff, EL DORADO County, CA.
JOHN D'AGOSTINO, Sheriff, EL DORADO County, CA.
VERN PIERSON, District Attorney, EL DORADO County, CA.
MATTHEW JOHNSON, Deputy Public Defender, EL DORADO Co.
EL DORADO County Public Defender's Office
County OF EL DORADO California, U.S.A.

PRISONER COMPLAINT (rev. 8/2015)
*Page 2 of 3*

### III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

EL DORADO COUNTY SHERRIF DEPUTY TERRY CISSNA AND COMPANION DEPUTY (I.D. UNK.) COMITTED A HOME INVASION/ASSAULT WHILE PETITIONER WAS HOME AND ASLEEP IN EARLY MORNING HOURS OF 12-17 WHERUPON PETITIONER WAS ASSAULTED AND INJURED, WITHOUT ARREST WARRANT OR PROBABLE CAUSE SUFFICIENT TO SUPPORT AN ARREST. ALL OTHER DEFENDANTS WERE EITHER COMPLICIT AND/OR NEGLIGENT by failing TO STOP, PROVIDE ADEQUATE TRAINING AND SUPERVISION, OR by COLLUSION by PERMITTING AN UNCONSTITUTIONAL POLICY, PRACTICE, OR CUSTOM. CONT'D ON ATTACHED PGS. 1-5

### IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

ISSUE AN INJUNCTION RESTRAINING DEPUTY CISSNA FROM ACTING AS PATROL DEPUTY UNTIL SUCH TIME AS THE COUNTY OF EL DORADO COUNTY SHERRIFS DEPT. DEVISES AND IMPLEMENTS DOMESTIC ISSUE/CRISIS INTERVENTION TRAINING AND SUPERVISION CONSISTANT WITH CONSTITUTIONAL PROTECTIONS; AND STATUTORY, EXEMPLARY, PUNITIVE AND COMPENSATORY RELIEF TO PETITIONER IN THE SUM OF $180,000.00

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: AUGUST 26, 2018     Norman John Craig
            Date                  Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

STATEMENT OF CLAIM, CONT'D

LAW ENFORCEMENT — COLLATERAL DAMAGE AND COMPOUNDING HARDSHIP ISSUES — 1-2

1.) Following petitioner's incarceration, his 91 y.o. widowed mother Florence Roessler, for whom he serves as live-in caregiver, suffered injuries all alone, further compounding their hardship. With petitioner now in custody, she fell and suffered, lying on the floor at home for an extended period. She was finally able to crawl on the floor and had presence of mind to reach the telephone to summon a neighbor, who eventually transported her to an "URGENT CARE FACILITY". Her condition was evaluated, offered very limited care, charged a fee, and offered advice to seek follow-up care from her own health care provider.

2.) Her treatment and diagnosis marginal and unsatisfactory, she was compelled to again seek emergency care shortly thereafter at Marshall Emergency Trauma Center where her injuries and condition were documented and she recieved emergency treatment for her fall-related injuries. She was also treated for conditions related to acute emotional stress, including an obstructed/constricted bladder and a shingles virus/dermatological condition outbreak. Again, both conditions are directly attributed with her acute emotional stress.

(4.)

# CAUSE AND EFFECT
## – SOLUTIONS AND PRIORITIES –

3.) The proximate cause of Mrs. Roessler's acute anxiety, emotional stress, and physical injuries/stress related disorders are the inept, careless, and arguably deliberate indifference attributable to the practices, policies, or customs of El Dorado County Sheriff's Deputy Terry Cissna, and those responsible for her training, supervision, and policy protocols she is obligated to abide by as a law enforcement officer under their supervision.

4.) Cissna is a career law enforcement officer, who's sworn duty is to protect and serve the public, the citizens of the state of California, and the County of El Dorado. These citizens are entitled to expect fair and respectful treatment from those public servants who's salary and position of authority have been afforded and entrusted to them as compensation by law-abiding, hard working taxpayers.

5.) To maintain the public's respect and trust that other more consciencious public servants deserve, and to maintain the confidence, trust, and integrety and reputation of the Sheriff's Department,

(5)

5, cont'd.) It would be expected that protocol would be devised and implemented to insure that proper training, supervision, and policies be developed at an acceptable rate of progress in these areas that so desparately need attention. We the people deserve nothing less than an acknowledgement of the critical nature of these important issues and a L.E. commitment to put the highest priority on developing a common-sense strategy to insure expedited implementation of policies and training to effect the desired results.

6.) — EXPECTATIONS & RESOLVE —

It's simply not enough to reprimand or temporarily suspend without pay those officers who are sworn to "protect and serve" we the people after they systematically impose their rogue, unconstitutional tactics and display a deliberate indifference to the civil rights of the citizens who pay their salaries. In all fairness, and again, to maintain respect and trust for law enforcement as a unit, more permanant determinations and consequences must

(6.)

6, cont'd) be put into place to serve as a deterrant, and reminder that those in violation of individual's civil rights will be held accountable and made an example of behavior thats counterproductive to their sworn duty to protect and serve— WE THE PEOPLE — AND NOT THEMSELVES.

*[margin note: FAIRLY YET EXPEDIENT]*

7.) Public employees who have been determined to have circumvented the civil rights of citizens in order to bolster their career aspirations must be dealt with in an expedient, yet fair resolve to protect the reputation of the agency whom employed them and we the people who have entrusted them with protection of our property, our civil rights, our freedom, and our lives.

*[margin note: EXCLUSIVE NATURE OF POSITION]*

8.) Not all individuals who apply and qualify for training and employment in law enforcement have the required inherent qualities of emotional control, and moral values necessary to effectively serve the public in a law enforcement capacity.

*[margin note: SUPERVISORY RESPONSIBILITY / CONCLUSION / CONSTANT OF REVIEW ABILITY]*

9.) Continued psycological assesment and situational protocol training for law enforcement personnel must be the highest priority of L.E. Admini[strators]

NORMAN J. CRAIG
SOUTH LAKE TAHOE
1051 AL TAHOE BLVD.
SOUTH LAKE TAHOE, CA 96150

CONFIDENTIAL
COURT ACCESS
LEGAL MAIL

CLERK, U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE, BOX 36060
SAN FRANCISCO, CA 94102

RECEIVED
AUG 29 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9410 2330 4569 0004


THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT