UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>Plaintiff,<br><br>v.<br><br>TERRY CISSNA, et al.,<br><br>Defendants. | No. 2:18-cv-02505 MCE AC PS<br><br><br>ORDER |

Plaintiff, an inmate at El Dorado County Jail, is proceeding in this action pro se, and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. This proceeding was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).

Plaintiff has now submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. According the request to proceed in forma pauperis will be granted. 28 U.S.C. §§ 1915(a). However, because plaintiff is an inmate, the law requires that he pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. SCREENING STANDARDS

Granting IFP status does not end the court's inquiry, however. The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plaint statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relied from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 391, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 546 U.S. 1037 (2011).

The court applies the same rules of construction in determining the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must

accept the allegations as trust); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Counsel v. Watt, 643 F2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

The complaint is brought under 42 U.S.C. § 1983. ECF No. 1 at 1. This statute is asserted as the basis for federal question jurisdiction. Id. Plaintiff alleges that an incident occurred in the course of his arrest, including a violation of his civil rights by the arresting officers. Id. at 2. Plaintiff names as defendants (1) Terry Cissna, Deputy Sherriff of El Dorado County; (2) Deputy "Doe," also a Deputy Sherriff of El Dorado County; (3) Vern Pierson, District Attorney, El Dorado County; (4) Matthew Johnson, Deputy Public Defender, El Dorado County; (5) the El Dorado County Public Defender's Office; and (6) County of El Dorado, California. Id.

Plaintiff alleges that Deputy Cissna and another unknown deputy committed a home invasion and assault while plaintiff was asleep in the early morning hours of December 2017. ECF No. 1 at 3. Plaintiff alleges he was assaulted and injured without an arrest warrant or probable cause to support an arrest. Plaintiff generally alleges that all other defendants were

either complicit or negligent in failing to stop the incident, provide adequate training and supervision, or by collusion in permitting an unconstitutional policy, practice, or custom. Id. Plaintiff details the illness and injury suffered by his 91-year-old widowed mother since his incarceration. Id. at 4-5. He goes on to describe his views of the duties of law enforcement officers. Id. at 5-7. Plaintiff seeks injunctive relief and damages. Id. at 3.

The complaint, in its current form, does not satisfy the requirements of Rule 8. The complaint does not contain a "short and plain" statement setting forth the basis plaintiff's entitlement to relief as required under Rule 8(a)(1)-(3). The allegations are minimal and conclusory. For example, the complaint does not provide any facts explaining how plaintiff was assaulted or what injuries he sustained. The complaint does not explain the circumstance of the arrest at issue, let alone state facts demonstrating the illegality of the arrest. Plaintiff does not specify what specific actions were taken by Deputy Cissna and by the "Doe" Deputy. ECF No. 1 at 3.

Moreover, the complaint provides no facts explaining how the other named defendants are "complicit and/or negligent." Plaintiff uses the phrases "failure to train" and "unconstitutional policy, practice, or custom," but does not identify any training deficiency or specific policy, practice or custom that is alleged to have caused the claimed violations of his rights. Such facts are necessary to proceed on a claim against the County. See generally, Monell v. Dept. of Social Services, 436 U.S. 658 (1978); City of Canton v. Harris, 489 U.S. 378 (1989).

Plaintiff has named several individuals who do not appear to be proper defendants. Prosecutors are immune from damages liability under § 1983 for acts related to the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409 (1976). Although a prosecutor's advice to police regarding an investigation may not be entitled to absolute immunity, Burns v. Reed, 500 U.S. 478 (1991), the complaint provides no facts regarding the actions of District Attorney Vern Pierson. Neither a public defender agency nor an individual defense lawyer can be sued under § 1983, because they do not act "under color of state law." See Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972); see also Simmons v. Sacramento City Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). As to all of these defendants, quite apart from the question whether

they can be sued, the complaint contains no facts linking their specific actions to the deprivation of plaintiff's rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights).

The complaint also includes a great deal of material that is not required to state a claim for relief, and that makes it difficult to identify the facts that are relevant to plaintiff's claim for relief. To state a claim, plaintiff need only identify the conduct each defendant engaged in and how it violated his rights. The claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Because the complaint does not comly with Rule 8 for the reasons identified above, the complaint will be dismissed with leave to amend.

### III. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV.  PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed in forma pauperis will be granted, but your complaint is being dismissed and you are being given an opportunity to submit an amended complaint within 30 days.  The amended complaint should be "simple, concise, and direct."  You should be sure to clearly identify what legal harms were done to you, by whom, and how, with enough factual detail for the court to determine what you are claiming as to each named defendant.  Finally, you should review your list of defendants and only include those against whom you have specific legal claims in light of the information provided above.  An amended complaint should briefly provide the necessary information and a corrected list of defendants, following the directions above.

## V.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED;

2. The complaint (ECF No. 1) is DISMISSED with leave to amend;

3. Plaintiff may file an amended complaint within 30 days of the date of this order.  If plaintiff files an amended complaint, he must comply with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: September 28, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE