UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>Plaintiff,<br><br>v.<br><br>TERRY CISSNA, et al.,<br><br>Defendants. | No. 2:18-cv-02505-MCE-AC<br><br><br><br>ORDER |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 19. Plaintiff is incarcerated, and is bringing his civil case as a self-represented litigant proceeding in forma pauperis. ECF No. 11, 17.

**I. Motion**

Plaintiff requests that the court appoint counsel, asserting his case is very complex, and the difficulty level will require an attorney. ECF No. 19 at 3. Plaintiff notes that he has requested that the FBI interview him, and that he is subject to constant monitoring in his jail cell. Id. at 4.

**II. Analysis**

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on

1

the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex. See ECF No. 17. The fact that plaintiff is monitored in his jail cell does not constitute exceptional circumstances. "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." Kent v. U.C. Davis Med. Ctr., No. 215CV1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016). Appointment of counsel therefore is not appropriate.

### III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 19) is DENIED.

IT IS SO ORDERED.

DATED: November 30, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE