UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN JOHN CRAIG,

    Plaintiff,

v.

TERRY CISSNA, et al.,

    Defendants.

No. 2:18-cv-2505 MCE AC (PS)

ORDER

Plaintiff, an inmate at El Dorado County Jail, is proceeding in this action pro se. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The court granted this motion on October 1, 2018, while at the same time dismissing plaintiff's complaint with leave to amend. ECF No. 11. Plaintiff subsequently filed a First Amended Complaint ("FAC"), which is now before the undersigned for screening. ECF No. 17. Plaintiff also filed a second motion to proceed IFP. ECF No. 18. The second motion to proceed IFP is DENIED because it is moot in light of the fact that IFP status has already been granted. The FAC will be DISMISSED because it, again, fails to state a claim upon which relief can be granted and also fails to provide a basis for federal jurisdiction.

////

1

# I. SCREENING

As discussed in the court's previous order (ECF No. 11), the IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plaint statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relied from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 391, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 546 U.S. 1037 (2011).

The court applies the same rules of construction in determining the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as trust); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or

| | |
|---|---|
| 1 | unwarranted deductions of fact.  Western Mining Counsel v. Watt, 643 F2d 618, 624 (9th Cir. |
| 2 | 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a |
| 3 | claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. |
| 4 | 662, 678 (2009). |

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  THE COMPLAINT

Plaintiff's FAC is purportedly brought on behalf of himself and Florence Ruth Roessler. ECF No. 17 at 1. It appears that Ms. Roessler is Mr. Craig's mother. See id. at 4-5. Plaintiff names as defendants (1) Amazon Fulfillment Center Corp.; (2) El Dorado County Sherriff's Department; (3) Terry Cissna, Deputy Sherriff; and (4) S. Ragusano, Deputy Sherriff. Id. at 2. Plaintiff asserts the basis for his claims is "interstate commerce laws." Id. at 3. Plaintiff alleges this court has diversity jurisdiction because Amazon Fulfillment Center is located in Washington state, and he and Ms. Roessler are residents of California. Id. at 3-4.

Plaintiff alleges that Amazon Fulfillment Center sent him a free vitamin supplement that was ordered on the premise that he only had to pay for shipping, but that he kept receiving and being charged for the product against his will for three months, amounting to charges of $347.49. Id. at 4. Plaintiff alleges that these unsolicited shipments led to a "series of events" which resulted in a 911 call to the Sherriff's office, Ms. Roessler's nervous breakdown, and her son (Mr. Craig) being arrested twice for elder abuse with injury and/or death and resisting arrest. Id. at 4. Plaintiff alleges he was never arraigned on those charges, but nonetheless spent 180 days in jail, was assaulted in jail, and was sentenced to an anger management class. Id. at 5.

////

Plaintiff attaches a document which appears to be a ruling on a petition for habeas corpus from the Superior Court of California in El Dorado County. ECF No. 17 at 6. Plaintiff also attaches several credit card statements, bank documents, and receipts. Id. at 10-25.

III. ANALYSIS

The complaint, in its current form, does not satisfy the requirements of Rule 8 and it does not allege a proper basis for federal jurisdiction. The complaint does not contain a "short and plain" statement setting forth the basis plaintiff's entitlement to relief as required under Rule 8(a)(1)-(3). The allegations are conclusory and minimal. For example, the complaint does not provide any facts explaining how defendants the El Dorado County Sherriff's Department, Terry Cissna, or S. Ragusano are involved in this case, and provides no legal basis for any claims against these defendants. ECF No. 10 at 1-5. The only defendant against whom particular misconduct is alleged is Amazon Fulfillment Center, but "interstate commerce" is not a basis for any legal claim.

Further, because plaintiff's only alleged cause of action is "interstate commerce," which is not a federal cause of action, the existence of federal jurisdiction is unclear. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts, unlike their state counterparts, are courts of limited jurisdiction." Nw. Airlines, Inc. v. Transp. Workers Union of America, 451 U.S. 77, 95 (1981) (citing United States v. Standard Oil Co., 332 U.S. 301, 313 (1947)). "The district courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ali v. City of San Joaquin, No. 2:17-CV-0509 AC P, 2017 WL 5665836, at *2 (E.D. Cal. Nov. 27, 2017). While the concept of "interstate commerce" is present in the constitution (Article I, Section 8, Clause 3), the term itself does not identify any legal cause of action. None of the facts in plaintiff's FAC suggest a way in which the concept of "interstate commerce" could be construed to form the basis of a cognizable cause of action.

It appears plaintiff is attempting to rely on diversity jurisdiction, alleging that Amazon Fulfillment Center is a Washington corporation. ECF No. 17 at 4. Diversity jurisdiction, however, requires complete diversity. "The principal federal statute governing diversity

jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000. . . . [The Supreme Court reads] the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Because the remaining defendants share California residency with the plaintiff, diversity of citizenship cannot provide a basis for jurisdiction in this case.

Also, to the extent plaintiff Craig, who originally brought this case only on behalf of himself (ECF No. 1), now seeks to bring this complaint on behalf of another individual, he cannot do so as a pro se plaintiff. The right to represent oneself in federal court as a pro se litigant "is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff may not represent Ms. Roessler; he may only proceed in this case representing himself.

Finally, the complaint includes a great deal of material that is not required to state a claim for relief, and that makes it difficult if not impossible to identify the facts that are relevant to plaintiff's claim for relief. To state a claim, plaintiff need only state what conduct defendant engaged in and how it violated his rights, including any supporting documentation such as the affidavit of support. Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

For all these reasons, the complaint does not establish this court's jurisdiction or provide the court with enough information to determine whether a legal claim can be stated against any of the defendants. Rather than recommending dismissal of the action, the undersigned will provide plaintiff with a final opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## IV. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where

the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed IFP has already been granted, therefore your second motion to proceed IFP will be denied as moot. Your First Amended Complaint cannot be served and you are being given an opportunity to submit a Second Amended Complaint within 30 days. The amended complaint should be "simple, concise, and direct." You should avoid excessively long and repetitive pleading, containing much narrative and story-telling. You should be sure to clearly identify what legal harms were done to you and by whom, with enough factual support for the court to determine what your precise allegations are against each named defendant. You should make sure your case alleges a basis for federal jurisdiction. You should review your defendants and only include those against whom you have specific legal claims. You must not attempt to represent anyone other than yourself in this litigation. Your second amended

complaint should briefly provide the necessary information and a corrected list of defendants, following the directions above.

## VI. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 18), is DENIED as moot;

2. The First Amended Complaint (ECF No. 17) is dismissed with leave to amend;

3. Plaintiff may file a Second Amended Complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: November 30, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE