UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TERRY CISSNA, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2505 MCE AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, an inmate at El Dorado County Jail, is proceeding in this action pro se. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. This proceeding was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The court granted this motion on October 1, 2018, while at the same time dismissing plaintiff's complaint with leave to amend. ECF No. 11. Plaintiff subsequently filed a First Amended Complaint ("FAC") and a second motion to proceed IFP. ECF No. 18, 19. The undersigned rejected plaintiffs' FAC with leave to amend, and denied the second IFP application as moot, with instructions to file no further IFP applications. ECF No. 21. Now before the court is plaintiffs Second Amended Complaint ("SAC"), which he filed as a "First Amended Prisoner Civil Rights Complaint" (ECF No. 32), a

1

third and fourth motion to proceed IFP (ECF Nos. 25 and 30), a motion to bifurcate (ECF No. 29) and a motion to consolidate cases (ECF No. 27). Plaintiff's SAC fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and fails to comply with the requirements of Fed. R. Civ. P. 8, and the undersigned now recommends dismissal of this case with prejudice. Plaintiff has demonstrated that he is unable or unwilling to comply with the orders of this court. In light of the recommendation of dismissal with prejudice, the undersigned further recommends plaintiff's remaining motions (ECF Nos. 25, 27, 29 and 30) be DENIED as MOOT.

## I. SCREENING

As discussed in the court's previous orders (ECF Nos. 11 and 21), the IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plaint statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relied from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 391, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von

////

Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 546 U.S. 1037 (2011).

The court applies the same rules of construction in determining the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as trust); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Counsel v. Watt, 643 F2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

Plaintiff alleges as follows: he was arrested for attempted murder and was held for 15 months without bail before being acquitted, during which time his father died after spending $20,000 on his defense. ECF No. 32 at 1. On December 13, 2017, plaintiff was arrested for elder abuse with injury or death without sufficient evidence. Id. at 2. The same day, plaintiff's home was invaded while he was alone and asleep by arresting officers. Id. Deputies did not have an arrest warrant. Id. Plaintiff attempted to secure the door and discuss matters through a window but was thwarted when Deputy Cissna produced a key to the door, apparently obtained by plaintiff's mother who was having a mental breakdown. Id. Plaintiff was again arrested for elder

abuse with injury and/or death and obstructing an officer in the course of his duties. Id. at 2-3.

At 3:30 a.m. on October 25, 2018, plaintiff observed what he thought was a bear or prowler on his property and called the sheriff's office to make a report. Id. at 3. The responding deputy accused plaintiff of being intoxicated and threatened arrest next time he was summoned for assistance if no perpetrators were discovered. Id. Plaintiff later heard animal or human sounds and because he had no flashlight, he fired his BB gun into the bushes, away from the neighbors, after announcing his presence. Id. at 4. Plaintiff's neighbors misunderstood and called 911 to report a person loitering and making threats. Id. Plaintiff was then arrested and brought into custody for terrorist threats, brandishing a replica weapon, and vandalism. Id.

Plaintiff is now in custody again, and was classified as requiring "protective custody." Id. at 5. Other inmates discovered his elder abuse charges and assaulted him. Id. Plaintiff makes no specific legal claim, but requests ten million dollars in damages for incidents that have occurred over the last seven years. Id.

III. ANALYSIS

The SAC, in its current form, does not satisfy the requirements of Rule 8 or Fed. R. Civ. P. 12(b)(6) because it does not make any legal claim against any defendant. The complaint does not contain a "short and plain" statement setting forth the basis plaintiff's entitlement to relief as required under Rule 8(a)(1)-(3). The allegations are conclusory and are not connected to any particular cause of action or defendant. As with his FAC, the SAC does not provide any facts explaining how defendants the El Dorado County Sherriff's Department, Terry Cissna, or S. Ragusano are involved in this case, and provides no legal basis for any claims against these defendants. ECF No. 32 at 1-6.

Further, because plaintiff does not allege any cause of action, federal jurisdiction is unclear. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts, unlike their state counterparts, are courts of limited jurisdiction." Nw. Airlines, Inc. v. Transp. Workers Union of America, 451 U.S. 77, 95 (1981) (citing United States v. Standard Oil Co., 332 U.S. 301, 313 (1947)). "The district courts ... have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ali v. City of San Joaquin, No. 2:17-CV-0509 AC P, 2017 WL 5665836, at *2 (E.D. Cal. Nov. 27, 2017). In the caption of plaintiff's SAC, he lists civil rights violations pursuant to 42 U.S.C. § 1983, but the body of his SAC does not contain or support any such cause of action. Thus, federal jurisdiction is unclear.

Finally, the complaint includes a great deal of material that is not required to state a claim for relief, and that makes it impossible to identify the facts that are relevant to plaintiff's claim for relief. To state a claim, plaintiff need only state what conduct defendant engaged in and how it violated his rights, including any supporting documentation such as the affidavit of support. Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Plaintiff has previously been informed of this requirement.

Accordingly, the complaint does not establish this court's jurisdiction or provide the court with enough information to determine whether a legal claim can be stated against any of the defendants. Because plaintiff has had two opportunities to fix various problems with his complaint and has twice failed to make any progress, dismissal with prejudice is recommended. Further, by bringing multiple other frivolous motions, including two new motions to proceed IFP after being specifically cautioned not to file any further IFP motions, plaintiff has demonstrated an unwillingness or inability to comply with court orders. See Local Rule 110. Plaintiff has demonstrated that any further opportunities to amend in this case would be futile. Noll, 809 F.2d at 1448.

## IV. CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice. It is further RECOMMENDED that plaintiff's pending motions (ECF Nos. 25, 27, 29 and 30) be DENIED as MOOT and that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

5

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE