UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NORMAN JOHN CRAIG,

    Plaintiff,

v.

TERRY CISSNA, et al.,

    Defendants.

No. 2:18-cv-2505-MCE-AC (PS)

**ORDER**

Plaintiff Norman John Craig, proceeding pro se, filed the above-entitled action on September 5, 2018. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21). On February 6, 2019, the Magistrate Judge filed Findings and Recommendations ("F&Rs") recommending that all claims against all Defendants should be dismissed with prejudice on account of Plaintiff failing to allege any viable causes of action. ECF No. 33. On April 9, 2019, this Court adopted the F&Rs in full and dismissed this case with prejudice. ECF No. 38. Judgment was entered on the same day. ECF No. 39. Now, Plaintiff has filed Motions to Reopen the Case and for a Preliminary Injunction or Temporary Restraining Order. ECF Nos. 42, 47. For the reasons that follow, Plaintiff's Motions are DENIED.

Although Plaintiff does not rely on Federal Rule of Civil Procedure 60(b) as the basis to re-reopen this case, because Plaintiff's motion is seeking reconsideration of an

1

order dismissing this case with prejudice and the motion was filed more than twenty-eight days after the entry of that Order, the Court will treat it as a Rule 60(b) motion.  It is immaterial that Plaintiff "did not mention Rule 60 in its motion to reopen because the label on a motion has little or no significance."  Brown Jordan Int'l Inc. v. Boles, 375 F. App'x 700, 701 (9th Cir. 2010).  Accordingly, Plaintiff's motion will be analyzed according to Rule 60(b).

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  FRCP 60(b).  A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged.  Id.  Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. Local Rule 230(j).

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 60(b).  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

///

1    A district court may properly deny a motion for reconsideration that simply
2    reiterates an argument already presented by the petitioner.  Maraziti v. Thorpe, 52 F.3d
3    252, 255 (9th Cir. 1995).
4        Here, Plaintiff provides no grounds calling for reconsideration of the Court's Order
5    dismissing this action with prejudice, as he simply restates, at times incoherently, the
6    same assertions raised in his earlier complaints.  Because Plaintiff provides no basis for
7    reconsideration, his Motion to Reopen the Case is DENIED.  Furthermore, since the
8    Court denies Plaintiff's Motion to Reopen this case, his pending Motion for a Preliminary
9    Injunction or Temporary Restraining Order (ECF No. 47) is DENIED as MOOT.[1]
10       IT IS SO ORDERED.
11   Dated:  August 20, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff's TRO request additionally suffers from several defects that render it insufficient under Local Rule 231.  Because of these defects, Plaintiff's Motion (ECF No. 47) is, in the alternative, DENIED for failure to comply with Eastern District of California Local Rule 231.

3